1
2
3
4
5
6
7
8               **IN THE UNITED STATES DISTRICT COURT**

9               **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   JOHN PAUL FRANK SCHOWACHERT,          No.  2:22-CV-0461-KJM-DMC-P

12                    Plaintiff,

13        v.                                FINDINGS AND RECOMMENDATIONS

14   SEABERT, et al.,

15                    Defendants.

16

17            Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983.  Pending before the Court is Plaintiff's original complaint, ECF. No. 1.

19            The Court is required to screen complaints brought by prisoners seeking relief

20   against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

21   § 1915A(a).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22   malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23   from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

24   the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

25   statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This

26   means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d

27   1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the

28   complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

                                             1

rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I.    PLAINTIFF'S ALLEGATIONS

Plaintiff brings suit against two defendants: Judge Seabert and Judge Bosco, both of the Tuolumne County Superior Court.  ECF No. 1 at 2.

Plaintiff alleges that Judge Seabert refused to order the prison to properly schedule court "under federal guidelines."  Id. at 3.  Plaintiff also states that Judge Seabert refused to recognize "federal Colman laws."  Id.  Plaintiff alleges that Judge Bosco refused to follow the schedule for court proceedings.  See id. at 4.  He further alleges that Judge Bosco did not properly schedule court with the prison, depriving Plaintiff of the ability to submit or argue motions.  See id.  Again, Plaintiff states that Judge Bosco failed to recognize "[f]ederal Colman laws." Id.

## II.    DISCUSSION

Judges are absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts.  See Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam).  This immunity is lost only when the judge acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature.  See id.  Judges retain their immunity even when they are accused of acting maliciously or corruptly, see Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978), and when they are accused of acting in error, see Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999).  This immunity extends to the actions of court personnel when they act as "an integral part of the judicial process."  See Mullis v. U.S. Bankruptcy Court, 828 F.2d 1385, 1390 (9th Cir. 1987).

The entire substance of Plaintiff's complaint is based upon judicial acts within the jurisdiction of the courts, referring to both the failure to schedule court properly, and the failure to recognize substantive laws.  These claims are entirely barred by judicial immunity.

///

1

### III.    CONCLUSION

2          Because it does not appear possible that the deficiencies identified herein can be

3 cured by amending the complaint, Plaintiff is not entitled to leave to amend prior to dismissal of

4 the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

5          Based on the foregoing, the undersigned recommends that this action be dismissed

6 with prejudice for failure to state a claim upon which relief can be granted.

7          These findings and recommendations are submitted to the United States District

8 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

9 after being served with these findings and recommendations, any party may file written

10 objections with the court.  Responses to objections shall be filed within 14 days after service of

11 objections.  Failure to file objections within the specified time may waive the right to appeal.  See

12 Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

13

14 Dated:  June 6, 2022

15                                              _____
                                               DENNIS M. COTA
16                                              UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28